IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **JUANITA GARCIA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Case No. 7:20-cv-93 |
| | § | |
| **VON GRIST, INC., CHRISTOPHER GRIST AND LILLIANA GRIST, INDIVIDUALLY,** | § § § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Juanita Garcia ("Garcia") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, she respectfully shows as follows:

**I. NATURE OF SUIT**

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Garcia in accordance with the guarantees and protections of the FLSA. Defendants have failed and refused to pay Garcia at time-and-one-half

her regular rate of pay for all hours worked in excess of forty hours within a workweek, although they had full knowledge that Garcia consistently worked over forty hours per week.

## II. PARTIES

3. Plaintiff Juanita Garcia is an individual residing in Odessa, Texas. Defendants Von Grist, Inc., Christopher Grist and Lilliana Grist own and operate a number of Subway franchises in West Texas. Garcia began working for Defendants in October 2018, and her last day of employment was September 2019. Garcia was employed by Defendants as an hourly assistant manager.

4. Von Grist, Inc. is a Texas Limited Liability Company that employed Garcia.

5. Von Grist, Inc. does business under the name Subway. Its registered agent for service of process is Christopher Grist, and he may be served at 22160 US 281 N., Unit 215, San Antonio, Texas 78258 or at 310 Eugene Sasser, San Antonio, Texas 78260.

6. At all times relevant to this claim, Von Grist, Inc. was an employer of Garcia as defined by 29 U.S.C. §203(d).

7. Christopher Grist is an individual who is also the Director of Von Grist, Inc. He may be served at 22160 US 281 N., Unit 215, San Antonio, Texas 78258 or at 310 Eugene Sasser, San Antonio, Texas 78260.

8. At all times relevant to this claim, Christopher Grist acted directly or indirectly in the interest of Defendant Von Grist, Inc. in relation to Garcia's employment.

9. Christopher Grist was an employer of Garcia as defined by 29 U.S.C. §203(d).

10. Lilliana Grist is an individual who acted directly or indirectly in the interest of Defendant Von Grist, Inc. in relation to Garcia's employment.

11. Lilliana Grist was an employer of Garcia as defined by 29 U.S.C. §203(d).

12. At all times hereinafter mentioned, Christopher and Lilliana Grist exercised managerial responsibilities and substantial control over Von Grist, Inc.'s employees, including Garcia, and the terms and conditions of her employment.  Christopher and Lilliana Grist had the authority to: hire, fire and direct Von Grist, Inc.'s employees, including Garcia; supervise and control the employment relationships and work schedules of Von Grist, Inc.'s employees, including Garcia; set and determine the rate and method of pay of Von Grist, Inc.'s employees, including Garcia; and decide whether Garcia received overtime compensation.

### III. JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction in this matter because Plaintiff asserts claims arising under federal law.  Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.  This Court also has personal jurisdiction over all parties to this action.

14. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Ector County, Texas, which is in this District and Division.  Garcia was an employee of Defendants, and performed work for Defendants in and around Ector County, Texas.  Defendants are subject to this Court's personal jurisdiction with respect to this civil action.  Defendants thus reside in this district and division.  28 U.S.C. §1391(c).  Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

### IV. COVERAGE UNDER THE FLSA

15. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Garcia.

16. At all times hereinafter mentioned, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. At all times hereinafter mentioned, Garcia was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

20. As an assistant manager, Garcia handled items such as telephones, computers, credit card terminals and cleaning supplies and equipment, as well as other items that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V.  FACTUAL ALLEGATIONS

21. Defendants operate a number of Subway franchises in and around West Texas.  Garcia was employed by Defendants from October 2018 to September 2019 as an hourly assistant manager.

22. Throughout her employment, Defendants paid Garcia on an hourly basis.

23. During all times relevant to this action, Garcia was a non-exempt employee.

24. Garcia's primary job duty was not the performance of work directly related to Defendants' management or general business operations, or those of their customers.

25. Garcia's primary job duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

26. Garcia did not have the authority to hire or fire other employees, and her suggestions and recommendations as to the hiring, firing, advancement, promotion, or any other change of status of other employees were not given particular weight.

27. Garcia routinely worked long hours and consistently worked more than forty hours per week.

28. Defendants never paid Garcia any overtime premiums for any hours worked over forty per week even though she consistently worked more than forty hours per week.

29. Defendants have knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation to Garcia.

## VI. CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

30. Garcia incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

31. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating Garcia for her work in excess of forty hours per week at rates no less than one-and-one-half times her regular rate for which she was employed.  Defendants have acted willfully in failing to pay Garcia in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, upon final hearing of this cause, Garcia prays for judgment against Defendants Von Grist, Inc., Christopher Grist and Lilliana Grist, jointly and severally, as follows:

a.   For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid back wages due to Garcia and for liquidated damages equal in amount to the unpaid compensation found due to Garcia ;

b.   For an Order awarding Garcia the taxable costs and allowable expenses of this action;

c.   For an Order awarding Garcia attorneys' fees;

d.   For an Order awarding Garcia pre-judgment and post-judgment interest at the highest rates allowed by law;

e.   For an Order awarding Garcia declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and

f.   For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND VERRETT, P.C.**
700 West Summit Drive
Wimberley, Texas 78676
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Douglas B. Welmaker*
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@morelandlaw.com

**ATTORNEY FOR PLAINTIFF**